IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FREEDOM FROM RELIGION INC., ET AL., :
       Plaintiffs, :  NO. 16-4504-EGS
           :
     v.    :
           :
COUNTY OF LEHIGH,     :
      Defendant.  :

**DEFENDANT'S ANSWER AND**
**<u>AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

1. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

2. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

3. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

4. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

5. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

6.    After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

7.    After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

8.    After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

9.    After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

10.   After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

11.   After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

12.   Admitted.

13.   It is admitted that Defendant displays a seal featuring a Latin cross.  The allegation regarding "substantial use" is denied and strict proof is demanded.

14. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

15. Denied.  The depictions of the seal set forth in the Complaint speak for themselves.

16. Denied.  The depictions of the seal set forth in the Complaint speak for themselves.

17. It is admitted that Defendant uses the seal within the context of the operation of government and also displays it in other settings. The allegation that the seal is displayed in "numerous settings" is denied as stated and strict proof is demanded.

18. Denied.  The depictions of the seal set forth in the Complaint speak for themselves.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. It is admitted that Defendant has used the seal on county documents and letterhead. However, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation that the seal was placed on the documents listed in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

24. It is admitted that Defendant uses the seal on certain informational reports and documents.  However, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation that the seal was placed on the documents listed in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

25. Admitted.

26.   Admitted.

27.   Denied. Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation regarding what persons view when they attend Board of Commissioner meetings in the Lehigh County Government Center. Therefore, the allegation is denied and strict proof thereof is demanded.

28.   Admitted.

29.   Denied.  The depiction of the Lehigh County flag set forth in the Complaint speaks for itself.

30.   Admitted.

31.   Admitted.

32.   Admitted.

33.   After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation regarding display of the flag in "numerous other locations." Therefore, the allegation is denied and strict proof thereof is demanded.

34.   It is admitted that Plaintiff sent a letter to the Lehigh County Executive dated November 5, 2014, but the letter speaks for itself.

35.   Admitted.

36.   Admitted.

37.   The allegations in this paragraph are conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

38.   Admitted.

39.   Admitted.

40.   Admitted.

41.   Denied. The records provided by the Defendant in response to Plaintiff's right to know request speak for themselves.

42.   Admitted.  By way of further response and clarification, although limited members of the public have notified the Board of Commissioners that they view the cross on the seal as having religious significance, the Board of Commissioners' decision to maintain the cross on the seal was made independent of public input, and the Board of Commissioners did not refuse to remove the cross from the seal for the purpose of endorsing religion or for the purpose of endorsing one religion over another.

43.   Admitted.  By way of further response and clarification, although limited members of the public have notified the Board of Commissioners that they view the cross on the seal as having religious significance, the Board of Commissioners' decision to maintain the cross on the seal was made independent of public input, and the Board of Commissioners did not refuse to remove the cross from the seal for the purpose of endorsing religion or for the purpose of endorsing one religion over another.

44.   It is admitted that the email referenced in this paragraph was sent to the Board of Commissioners.  By way of further response and clarification, although limited members of the public have notified the Board of Commissioners that they view the cross on the seal as having religious significance, the Board of Commissioners' decision to maintain the cross on the seal was made independent of public input, and the Board of Commissioners did not refuse to remove the cross from the seal for the purpose of endorsing religion or for the purpose of endorsing one religion over another.

45.  It is admitted that the email referenced in this paragraph was sent to the Board of Commissioners.  By way of further response and clarification, although limited members of the public have notified the Board of Commissioners that they view the cross on the seal as having religious significance, the Board of Commissioners' decision to maintain the cross on the seal was made independent of public input, and the Board of Commissioners did not refuse to remove the cross from the seal for the purpose of endorsing religion or for the purpose of endorsing one religion over another.

46.  It is admitted that the email referenced in this paragraph was sent to the Board of Commissioners.  By way of further response and clarification, although limited members of the public have notified the Board of Commissioners that they view the cross on the seal as having religious significance, the Board of Commissioners' decision to maintain the cross on the seal was made independent of public input, and the Board of Commissioners did not refuse to remove the cross from the seal for the purpose of endorsing religion or for the purpose of endorsing one religion over another.

47.  It is admitted that the email referenced in this paragraph was sent to the Board of Commissioners.  By way of further response and clarification, although limited members of the public have notified the Board of Commissioners that they view the cross on the seal as having religious significance, the Board of Commissioners' decision to maintain the cross on the seal was made independent of public input, and the Board of Commissioners did not refuse to remove the cross from the seal for the purpose of endorsing religion or for the purpose of endorsing one religion over another.

48.  It is admitted that the email referenced in this paragraph was sent by a member of the Board of Commissioners.  By way of further response and clarification, although limited

members of the public have notified the Board of Commissioners that they view the cross on the seal as having religious significance, the Board of Commissioners' decision to maintain the cross on the seal was made independent of public input, and the Board of Commissioners did not refuse to remove the cross from the seal for the purpose of endorsing religion or for the purpose of endorsing one religion over another.

49.   It is admitted that the email referenced in this paragraph was sent to the Board of Commissioners.  By way of further response and clarification, although limited members of the public have notified the Board of Commissioners that they view the cross on the seal as having religious significance, the Board of Commissioners' decision to maintain the cross on the seal was made independent of public input, and the Board of Commissioners did not refuse to remove the cross from the seal for the purpose of endorsing religion or for the purpose of endorsing one religion over another.

50.   It is admitted that the email referenced in this paragraph was sent to the Board of Commissioners.  By way of further response and clarification, although limited members of the public have notified the Board of Commissioners that they view the cross on the seal as having religious significance, the Board of Commissioners' decision to maintain the cross on the seal was made independent of public input, and the Board of Commissioners did not refuse to remove the cross from the seal for the purpose of endorsing religion or for the purpose of endorsing one religion over another.

51.   After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

52. After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

53. After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

54. Admitted.

55. It is admitted that Mr. Meholic spoke at the Board of Commissioners' meeting on October 28, 2015, and that the seal was on display behind the Board of Commissioners. Plaintiffs' allegation that the seal was "prominently on display" is a conclusion of law to which no response is required.  To the extent that a response is required, the allegation is denied and strict proof thereof is demanded.

56. After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

57. After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

58. After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

59.  After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

60.  After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

61.  After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

62.  After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

63.  After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

64.  After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

65.  After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

66. After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

67. After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

68. After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

69. After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

70. After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

71. After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

72. After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

73.  After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

74.  After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

75.  After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

76.  After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

77.  After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

78.  After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

79.  After reasonable investigation, Defendant is without knowledge or information sufficient enough to form a belief as to the truth of the allegation in this paragraph. Therefore, the allegation is denied and strict proof thereof is demanded.

80.  The allegations in this paragraph are conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

## COUNT I

## Claim under 42 U.S.C. § 1983

81.  Defendant incorporates by reference all foregoing responses as if same were set forth in full.

82.  The allegations in this paragraph are conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

83.  The allegations in this paragraph are conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

84.  The allegations in this paragraph are conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

85.  The allegations in this paragraph are conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

WHEREFORE, the Defendant requests that Plaintiff's Complaint be dismissed and judgment entered in favor of the Defendant and against Plaintiff, and that Defendant be awarded costs and attorney's fees pursuant to 42 U.S.C. §1988.

## **AFFIRMATIVE DEFENSES**

86.  Defendant incorporates herein by this reference all foregoing responses as if same were set forth in full.

87.  Plaintiffs lack standing to bring suit.

88.  The Complaint fails to state a claim upon which relief may be granted.

89.  Plaintiffs' claims are barred by estoppel.

90.  The Plaintiff has suffered no injury cognizable under the United States Constitution or federal law.

91.  Plaintiffs cannot satisfy the prerequisites to injunctive relief.

92.  The display of the cross in the seal does not advance, endorse or otherwise benefit any religion and is motivated by a secular purpose.

93.  The display of the cross in the seal has a primary effect that neither advances nor inhibits religion.

94.  The display of the cross in the seal does not result in any excessive entanglement between government and religion.

95.  A reasonable observer knowing the history and context of the seal would conclude that Lehigh County's decision to place the cross on the seal and subsequent refusal to remove the cross from the seal was for a secular purpose, rather than for the purpose of endorsing religion.

96.  A reasonable observer knowing the history and context of the seal would conclude that Lehigh County's decision to place the cross on the seal and subsequent refusal to remove the cross from the seal does not have the primary effect of endorsing religion.

97.    Defendant asserts all defenses, immunities and limitations available to it under the Civil Rights Act of 1871, as amended.

98.    The alleged acts and omissions of Defendant are not the cause in fact or the legal cause of Plaintiff's alleged injuries.

99.    Plaintiff's alleged injuries, if any, are caused by acts or omissions of individuals over which Defendant exercises no control and for which Defendant is not responsible.

WHEREFORE, the Defendant requests that Plaintiff's Complaint be dismissed and judgment entered in favor of the Defendant and against Plaintiff, and that Defendant be awarded costs and attorney's fees pursuant to 42 U.S.C. §1988.


RESPECTFULLY SUBMITTED:

**NORRIS, MCLAUGHLIN & MARCUS, P.A.**


By:      *Thomas M. Caffrey*
         Thomas M. Caffrey, Esquire
         Attorney I.D. No. 46558
         515 W. Hamilton Street
         Suite 502
         Allentown, PA 18101
         610-391-1800 phone
         610-391-1805 fax

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FREEDOM FROM RELIGION INC., ET AL.,    :
                               Plaintiffs,    :      NO. 16-4504-EGS
                                            :
                      v.              :
                                            :
COUNTY OF LEHIGH,                :
                          Defendant.    :

## CERTIFICATE OF SERVICE

      I certify that on the date set forth below, I did cause a true and correct copy of the foregoing pleading with the Court's ECF/PACER electronic filing system, where it was available for immediate viewing and download to the following individual:

Marcus B. Schneider, Esq.
Steele Schneider
428 Forbes Ave., Ste. 700
Pittsburgh, PA 15219

Date: November 17, 2016                    *Thomas M. Caffrey*
                                                  Thomas M. Caffrey, Esquire